

United States District of Nevada

United States
Respondent

v.

Anthony D. Collins
Petitioner

Case No. 95-CR-00216

## 18 USC 3582 Addendum

Comes now, Anthony D. Collins, Petitioner pro-se, in the above entitled, styled, and numbered action, who now sayeth thus; He reurges his initial arguments

1). Petitioner was sentenced in this Court in 1996 to a term of Life for a non-violent drug crime, so this Court has jurisdiction.

2). This Court relied upon two (2) previous non-violent drug offenses in sentencing Petitioner to a Life term.

   a). Case No. 89058 - Conspiracy to sell 1.8 grams

I

(1)

b). Case No. 109813 - Sale of controlled substance 10 grams.

3). In order for this Court to go outside the then mandatory guidelines for sentencing, Petitioner had to meet <u>specific</u> Section 4B1.1 USSG requirements, which have now been amended, with a clarifying statement made which is retroactive. Due to the clarifying amendment of 4B1.1, and 18 USC 3559 as to the prior drug offense to reach a mandatory Life sentence; Petitioner no longer meets the Standard.

The prior drug offense under 4B1.1 and 18 USC 3559, now require a prior felony drug offense to be a "Serious drug offense" meeting the requirements of 21 USC 841(b)(1)(A). <u>None</u> of Petitioner's prior felony drug offenses reach the requisite 280 grams of 21 USC 841(b)(1)(A)(ii). Petitioner's priors combined weight is 11.8 grams, well below the retroactive "serious drug offense" 4B1.1 requirement required to go beyond the sentencing guidelines to reach a statutory sentence of Life.

4). Petitioner is entitled to redress and a 18 USC 3582, is the proper vehicle for said redress in the instant matter at hand to correct a manifest injustice

(2)

of a now illegal Life sentence, under both sentencing guidelines **and** statutory law. For both the United States Sentencing Guidelines Commission, **and** Congress exhibited their intent to clarify via a USSG retroactive amendment, **and** a change in statutory law as to what a "serious drug offense", none of which Petitioner meets.

Wherefore premises considered, Petitioner request a vacatur of his sentence, and a remand for resentencing.

Submitted this 1st day of August, 2014.

X _[signature]_
Anthony D. Collins 30693-048
P.O. Box 300
Waymart, PA. 18472

(3)