DANIEL G. BOGDEN
United States Attorney
ELIZABETH O. WHITE
Appellate Chief and
Assistant United States Attorney
100 W. Liberty #600
Reno, Nevada 89501
775-784-5438
Elizabeth.O.White@usdoj.gov
*Attorneys for the United States*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**
-oOo-

UNITED STATES OF AMERICA,

Plaintiff,

v.

ANTHONY D. COLLINS,

Defendant.

Case No. 2:95-cr-216-LDG-RJJ

**Government's Response in Opposition to Defendant's "Motion for Audita Querela" [ECF No. 152]**

CERTIFICATION: This response is timely filed.

The United States of America, by and through undersigned counsel, respectfully files this response in opposition to Defendant's "Motion for Audita Querela pursuant to the all writ act, 28 U.S.C. § 1651." ECF No. 152. Defendant's motion must be denied for at least three reasons. First, it is unclear whether *audita querela* exists as a means of relief in criminal cases *at all*. Second, even if the writ is available in criminal cases, it is not available where, as here, the claim a defendant seeks to make is cognizable under 28 U.S.C. § 2255. And third, in *Mathis* v. *United States*, 136 S. Ct. 216 (2016), the case on which Defendant relies, the Supreme Court did *not* announce a new rule of constitutional law made

retroactive to cases on collateral review by the Supreme Court, and his claim also fails on the merits. The Court should deny his motion.

**Points and Authorities**

### A. *Audita Querela* Is Not, and Never Has Been, Available in Criminal Cases.

*Audita querela* (literally "the complaint having been heard") was, at common law, an extraordinary writ under which "a defendant, against whom judgment is recovered * * * may be relieved upon good matter of discharge, which has happened since the judgment." 3 Blackstone Commentaries *405-406; *see also Doe* v. *Immigration and Naturalization Service*, 120 F.3d 200, 203 (9th Cir. 1997) (noting that *audita querela* was available at common law "only to relieve a judgment debtor where a legal defense or discharge arose subsequent to judgment"). For example, *audita querela* could provide relief where, subsequent to the entry of judgment against the defendant, "the plaintiff hath given him a general release; or if the defendant hath paid the debt to the plaintiff without procuring satisfaction to be entered on the record." 3 Blackstone Commentaries *406.[1] As the Ninth Circuit explained in *Doe*, at common law "[*a*]*udita querela* was used to attack a judgment that was correct when it was rendered but later was rendered infirm by matters arising after its rendition." *Doe*, 120 F.3d at 203 n.4. In this sense, *audita querela* contrasted with *coram nobis*, which "was used to attack

---

[1] A typical situation cited in the case law was one in which a plaintiff obtained full judgments against multiple joint tortfeasors; once the plaintiff obtained satisfaction against any one of jointly liable tortfeasors, the remaining ones could then obtain a writ of *audita querela* to avoid having to pay the plaintiff for multiple recoveries.

a judgment that was infirm at the time it was rendered for reasons that later came to light." *Ibid*.

Federal Rule of Civil Procedure 60(e) abolished the ancient writs, including the writ of *audita querela*, in civil cases. *See* Fed. R. Civ. P. 60(e) ("Bills and Writs Abolished. The following are abolished: bills of review, bills in the nature of bills of review, and writs of *coram nobis*, *coram vobis*, and *audita querela*."). The Ninth Circuit has considered, but never explicitly answered, the question whether *audita querela* "survived" the adoption of Rule 60(e) in the context of criminal cases. *See United States* v. *Valdez Pacheco*, 237 F.3d 1077, 1079 (9th Cir. 2001) (noting that, although *audita querela* has been expressly abolished in civil cases, "[t]he writ, or a modern equivalent, at least potentially survives in the federal criminal context"); *Doe*, 120 F.3d at 204 (noting that several courts have questioned whether *audita querela* survives, and holding that "a writ of *audita querela*, if it survives at all, is available only if a defendant has a legal defense or discharge to the underlying judgment") (footnoted omitted); *Beltran-Leon* v. *Immigration and Naturalization Service*, 134 F.3d 1379 (9th Cir. 1998) (noting that, although not warranted under the facts of that case, *audita querela* "may be available" in the proper case).

In treating *audita querela* as at least potentially available in the criminal context, the courts of appeals have relied on *United States* v. *Morgan*, 346 U.S. 502 (1954), which held that Rule 60(e)'s abolition of the writ of *coram nobis* was limited only to civil proceedings, and thus that *coram nobis* remained available to criminal defendants. Unlike *coram nobis*, however, *audita querela* was *never* available in suits against the United States. *See Avery* v. *United States*, 79 U.S. 304, 307 (1870)

("Besides, *audita querela* is a regular suit in which the parties may plead and take issue on the merits, and cannot, therefore, be sued against the United States, as in England it could not against the Crown."); *United States* v. *Padilla*, 478 F. Supp. 865, 868 n.4 (E.D. Va. 2004) ("[T]he ancient writ of *audita querela* ... has no apparent relevance to criminal sentences." (omission in original) (quoting *Melton* v. *United States*, 359 F.3d 855, 856 (7th Cir. 2004)). Because Collins is not a "judgment debtor," and in light of the Supreme Court's admonition more than 140 years ago that *audita querela* does not lie against the United States, Collins's motion should be denied.

**B. Even If *Audita Querela* Is Deemed Available in Criminal Cases, It Does Not Apply to Collins's Claim.**

Even assuming that *audita querela* is at least potentially available in criminal cases, the Ninth Circuit has explained that it would only be available to "fill the interstices of the federal postconviction remedial framework." *Valdez-Pacheco*, 237 F.3d 1077, 1079 (9th Cir. 2001) (quoting *Doe*, 120 F.3d at 203). The court of appeals held in *Valdez-Pacheco* that "a federal prisoner may not challenge a conviction or sentence by way of a petition for a writ of *audita querela* when that challenge is cognizable under § 2255." *Id*. at 1080. It further held that the fact that a second or successive § 2255 motion may be barred pursuant to § 2255(h) does not permit circumvention of the statute by styling a second or successive motion as a petition for a writ of *audita querela*. *Id*.

*Valdez-Pacheco* controls this case. There, because Valdez-Pacheco's challenge to the government's compliance with 21 U.S.C. § 851 was cognizable

under a § 2255 motion, the court of appeals held that the writ of *audita querela* was unavailable. *Id*. at 1080.

So too, here. The substance of Collins's motion is that the prior convictions used to determine his sentence no longer qualify as "felony drug offenses" for purposes of 21 U.S.C. §§ 841(a)(1) and 851. Such a claim is cognizable under 28 U.S.C. § 2255 (indeed, *Valdez-Pacheco* also involved a claim that those statutes were applied erroneously), and thus Collins may not raise that claim of error by way of a petition for a writ of *audita querela*. *Valdez-Pacheco*, 237 F.3d at 1080.

### C. Collins Does Not Have Permission from the Ninth Circuit to File a Successive 2255 Motion and, in Any Event, He Is Not Entitled to Relief under *Mathis*.

Because Collins's claim is cognizable under 28 U.S.C. § 2255, his motion is properly construed as a successive 2255 motion. As such, it should be dismissed for lack of jurisdiction because Collins has neither sought nor received authorization from the court of appeals to file it in this Court.

Under Section 2255, a movant may file a first motion for relief without seeking leave of the court. Before a prisoner may file a second or successive motion, however, the motion must be authorized by the court of appeals for the circuit where the district court sits. 28 U.S.C. § 2255(h)(2); *see* 28 U.S.C. § 2244(b)(3)(A); *see also* Rule 9, Rules Governing Section 2255 Proceedings in the United States District Courts ("Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8 [now § 2255(h)]."). Collins has not obtained authorization from the court of appeals to file

a successive § 2255 motion, and this Court is therefore without jurisdiction to consider it. *See* 28 U.S.C. §§ 2244(b)(3)(A) & 2255; *United States v. Allen*, 157 F.3d 661, 664 (9th Cir. 1998) (failure to request the requisite authorization to file a second or successive § 2255 motion deprives the district court of jurisdiction).

Moreover, the gatekeeping provision for successive 2255 motions states that a "second or successive motion must be certified * * * by a panel of the appropriate court of appeals to contain * * * a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"). 28 U.S.C. § 2255(h)(2). Collins's claim of error is based on *Mathis* v. *United States*, 136 S. Ct. 216 (2016), which involved an issue of statutory construction, not constitutional law. Thus *Mathis* does not meet the statute's standard for authorization. In any event, whether Collins's motion relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable" is a question for the court of appeals, not this Court. 28 U.S.C. § 2255(h).

Finally, although this Court need not reach the question, Collins's claim also fails on the merits. Collins's assertion—that the Ninth Circuit in *Vega-Reynoso* v. *Lynch*, 650 F. App'x 351 (9th Cir. 2016), said that Vega-Reynoso's "conviction under Nevada Revised Statute (453.321) does not qualify as an aggravated felony because statute" because it was "ambiguous as to which statutory subsection he was convicted under"—is simply incorrect. To the contrary, the court of appeals explicitly *rejected* that argument. *See ibid*. ("The Immigration Judge and the BIA properly relied on the judgment and indictment to find that he had been convicted

of unlawful sale of a controlled substance.… Contrary to Vega-Reynoso's argument that the judgment was ambiguous as to which statutory subsection he was convicted under, the judgment explicitly identified that Vega-Reynoso was guilty of 'unlawful sale of a controlled substance.'"). Collins offers no evidence to support any implied contention that the documents supporting his drug convictions suffered from any ambiguity.

**CONCLUSION**

For the foregoing reasons, Defendant's motion should be denied.

Dated this 13th day of December, 2016.

DANIEL G. BOGDEN
United States Attorney

*s /Elizabeth O. White*
ELIZABTH O. WHITE
Appellate Chief and
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I certify that on December 13, 2016, I electronically filed the foregoing Government's Response in Opposition to Defendant's Motion for *Audita Querela* with the Clerk of the Court by using the CM/ECF system. Service will be accomplished by the CM/ECF system. In addition, I certify that a copy of this response was served on the defendant, via-first class, postage-paid mail on December 13, 2016, at the following address:

Anthony Dion Collins
Reg # 30693-048
U.S. Penitentiary Beaumont
P.O. Box 26030
Beaumont, TX 77720

Dated: December 13, 2016

*s/ Elizabeth O. White*
ELIZABETH O. WHITE
Appellate Chief and
Assistant United States Attorney