UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:95-CR-216 JCM (RJJ) |
| Plaintiff(s), | ORDER |
| v. | |
| ANTHONY D. COLLINS, | |
| Defendant(s). | |

Presently before the court is Anthony Dion Collins's ("defendant") motion for imposition of a reduced sentence. (ECF No. 161). The United States of America ("the government") did not respond.

Also before the court is defendant's motion for order. (ECF No. 162). The government responded. (ECF No. 163).

Also before the court is the parties' joint motion for sentence reduction (ECF No. 166) and defendant's emergency motion for decision on pending joint motion for sentence reduction in light of COVID-19 (ECF No. 169).

**I.   Background**

In August 1995, defendant was indicted on one count of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii). (ECF No. 166 at 2). Then, in 1996, the government filed an information that provided notice of three prior controlled substance convictions. *Id.* A jury found defendant guilty. *Id.*

At sentencing, the court found that defendant's offense involved 255 grams of crack-cocaine and that the government proved two prior controlled substance convictions. *Id.* Thus, Judge George sentenced defendant to the mandatory minimum established by statute: life. *Id.*

**James C. Mahan**
**U.S. District Judge**

Defendant has now served roughly 293 months, over 24 years, of incarceration. *Id.* at 3. The parties agree that, under the First Step Act, defendant's new statutory range is 10 years to life, that defendant is now eligible for supervised release, and that defendant's sentence ought to be reduced. *Id.* at 3–6.

**II.     Legal Standard**

The court "may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B). Two laws authorize the court to consider the instant motion: the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, and the First Step Act of 2018, Pub. L. No. 115-391. While the Fair Sentencing Act reduced the statutory penalties for certain crack-cocaine offenses, it did not apply retroactively. Section 404 of the First Step Act authorizes the court to reduce a defendant's sentence based on the revised statutory penalties established by the Fair Sentencing Act.

**III.    Discussion**

As an initial matter, the court denies defendant's motion for imposition of a reduced sentence (ECF No. 161) and for order (ECF No. 162) as moot. The court now turns to the parties' joint motion.

When determining the appropriate sentence, the court considers the factors set forth in 18 U.S.C. § 3553(a) to "impose a sentence sufficient, but not greater than necessary." 18 U.S.C. § 3553(a). Those factors include, inter alia, "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant." *Id.* §§ 3553(a)(1), (4).

Although the parties agree that defendant's sentence should be reduced, the parties differ on what an appropriate sentence would be. (ECF No. 166 at 5–6). Defendant requests a sentence of time served. *Id.* at 5. The government believes that the low-end of his guideline range, 360 months, is appropriate. *Id.* The government also noted "that if the BOP credits Collins the full amount of good-time credit for his term, the government's recommended 360-

**James C. Mahan**
**U.S. District Judge**

month sentence would be reduced to approximately 25 years and 6 months—about a year longer than a time-served sentence." *Id.*

The court finds that the additional year of incarceration is unwarranted given the factual circumstances of defendant's case. Defendant "is now 50 years old and has served half of his life in prison." *Id.* The court recognizes that defendant's criminal history is predominantly nonviolent, and defendant has had no disciplinary incidents or sanctions for the last four years of his incarceration. *Id.* The court also recognizes that the novel coronavirus pandemic is sweeping the nation, including BOP facilities. (ECF No. 169).

To be clear, the court finds that defendant's good conduct for the last four years warrants the one-year downward variance from the low-end of the new guideline range. The court is giving defendant a chance to reenter society and be a part of his now-grown children's lives. The court admonishes defendant not to waste this chance.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion for imposition of a reduced sentence (ECF No. 161) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that defendant's motion for order (ECF No. 162) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that the parties' joint motion for sentence reduction be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendant's emergency motion for decision (ECF No. 166) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendant's sentence be, and the same hereby is, REDUCED from life to TIME SERVED.

IT IS FURTHER ORDERED that defendant shall be released no sooner than 10 calendar days from the date of this order to allow the BOP to complete certain statutory requirements prior to defendant's release, including but not limited to notifying any victims and witnesses as required by 18 U.S.C. § 3771, and collecting DNA samples pursuant to 42 U.S.C. § 14135a.

James C. Mahan
U.S. District Judge

IT IS FURTHER ORDERED that defendant is sentenced to eight (8) years of supervised release.  Defendant shall not be required to report in person to the U.S. Probation Office in light of the recent COVID-19 pandemic.  However, defendant shall, within 72 hours of release from BOP custody, report to the U.S. Probation Office by telephone.

IT IS FURTHER ORDERED that, while on supervised release, defendant shall abide by the following mandatory conditions of supervision:

1. You must not commit another federal, state or local crime.

2. You must not unlawfully possess a controlled substance.

3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually.

4. You must cooperate in the collection of DNA as directed by the probation officer.

IT IS FURTHER ORDERED that defendant shall also be subject to the following special conditions while on supervised release:

1. **Search and Seizure** – You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.

   The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

2. **Substance Abuse Treatment Assessment** – You shall participate in and successfully complete a substance abuse treatment assessment. If recommended, you shall enter and complete a substance abuse treatment program, which may include drug/alcohol testing, evaluation, and/or outpatient counseling as approved by the probation office. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). You may be required to contribute to the costs of the program based on your ability to pay.

**James C. Mahan**
**U.S. District Judge**

- 4 -

3. **Vocational Program** – You must participate in a vocational services program and follow the rules and regulations of that program. Such a program may include job readiness training and skills development training.

The clerk is instructed to enter an amended judgment consistent with the foregoing.

DATED May 8, 2020.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 5 -